ANDREW E. MOSES et al., Respondents, v. NATIONAL LOAN & INVESTMENT COMPANY, Appellant.

St. Louis Court of Appeals, February 18, 1902.

1. **Building and Loan Association: PREMIUM: INTEREST ON LOAN: USURY.** A building and loan association may collect from the borrowing stockholders, in addition to interest, a monthly premium or bonus provided, however, that such premium shall be fixed by competitive bidding at a director's meeting held for that purpose. If not so fixed, then it is regarded as interest merely on the loan, and if together with the interest proper, the rate shall exceed the limit allowed by law, then such premium should be treated as usury and the amount so paid go as a credit on the principal note.

2. ———: ———: ———. Where the premium exacted by the building and loan association was not fixed by competitive bidding, it is regarded in law as interest.

3. ———: ———: ———. In the case at bar, it is admitted by the defendant building and loan association that the monthly premium charged in addition to monthly interest, made the loan usurious.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*Charles W. Webster* for appellants.

(1)   Only that part of each premium payment was usurious that was in excess of the amount necessary to add to the payment made under the name of interest to bring the rate to eight per cent per annum; that is to say two dollars only of each premium payment was usurious and not the entire payment of three dollars.   R. S. 1899, sec. 3709; 27 Am. and Eng. Ency. Law, 918, 925, 942; Fowles v. Loan Co., 86 Mo. App. 103.   (2)  Respondents were not entitled to have the withdrawal value of their stock applied as a credit on their indebtedness.   R. S. 1889, sec. 2810; Edinger v. Sav. & Bldg. Assn., 83 Mo. App. 615.

*Barbour & McDavid* for respondents.

(1)   It stands confessed in the pleadings that defendant in making this loan in no way complied or pretended to comply with the requirement of section 2812, Revised Statutes 1889, providing how premiums should be fixed by building and loan associations in this State; and it is also confessed that said section 2812 was then in full force and effect.   These admissions simplify the issues and bring this case squarely within the rule laid down in many well-considered cases of the same nature as this.   All these cases hold that unless such premium is protected by a strict compliance with the statute referred to, then it is usurious and becomes at the date paid a credit on the principal sum borrowed.   Brown v. Archer, 62 Mo. App. 290; Moore v. B. & L. Ass'n, 74 Mo. App. 468; Price v. B. & L. Ass'n, 75 Mo. App. 551; Sappington v. B. & L. Ass'n, 76 Mo. App. 242; Edinger v. Mo. Guar. Ass'n, 83 Mo. App. 615. (2)   The generally-accepted rule of computation in cases of this character is as follows:   "Charge the borrower with the money actually received with interest from its receipt at the legal rate.   Credit him with all payments of premium and interest as of the date when paid.   Credit him also [in cases of this character—the association being solvent] with the value

of his stock" and the result will show amount due. Strothers v. Ass'n, 115 Pa. St. 273; Rogers v. Hargo, 92 Tenn. 35; Post v. Ass'n, 37 S. W. 216; Douglas v. Kavanaugh, 90 Fed. Rep. 373; Endlich on B. & L. Ass'n (2 Ed.), secs. 514 and 515; Clark v. Mo. Guar. B. & L. Ass'n, 85 Mo App. 388. (3) Respondents were entitled to redeem their pledged stock and to have the withdrawal value thereof applied as a credit on their indebtedness, since they tendered balance due, if any, in cash, to extinguish the entire loan. Fry v. Sav. & Bldg. Ass'n, 88 Mo. App. 289; Price v. Empire Loan Ass'n, 75 Mo. App. 551; Thompson on Building Ass'n, sec. 151.

GOODE, J.—A minute statement of the facts of this case is unnecessary, for there is no dispute between the parties as to what they are, but only as to what judgment should be pronounced on them. The action was instituted to have the circuit court ascertain in what amount, if any, the plaintiffs were indebted to the defendant on account of a loan made to them by the defendant, for which a promissory note (secured by a deed of trust on land and a certificate of stock in the defendant company) was executed by the plaintiffs, to permit them to discharge any indebtedness they were found to owe, redeem their land and for other proper relief.

It is admitted by the defendant that the loan was made directly to the plaintiffs without competitive bidding and that the monthly premium charged in addition to monthly interest, made the loan usurious. The point at issue between the parties is whether the plaintiffs were entitled to have the entire amount of the monthly premiums paid by them after the loan was obtained, credited on the amount of their debt, or only such part of it as made the total interest collected exceed eight per cent, treating the premium as interest as well as the sum stipulated for as interest *eo nomine*. The note was for six hundred dollars and called for a payment of three dollars each month as interest, which would amount to thirty-six dollars a

year, showing that the agreed rate of interest was six per cent. It also provided for the payment of three dollars a month as premium on the money borrowed and the premium would therefore amount to thirty-six dollars a year, too. Inasmuch as the premium exacted was not fixed by competitive bidding, it is regarded in law as interest. So many decisions have held, to which the defendant defers. Rippe v. Mo. Guar. Sav. & Bldg. Ass'n, 158 Mo. 614.

In legal contemplation the defendant, therefore, exacted interest on the loan at the rate of twelve per cent. Now the respondents claim and the court below held that they were entitled to be credited with one-half of this exaction or thirty-six dollars a year, or the whole amount of the premiums paid; whereas the appellant claims they were only entitled to be credited with one-third of it or twenty-four dollars a year, or two-thirds of the premiums, or such portion of the amount paid for interest (including the premiums) as was in excess of eight per cent per annum.

Appellant's contention, which may be expressed in either of the above forms, is based on the penalty imposed by the statutes against usury, which is that interest paid in excess of the legal rate shall be declared payment and shall be credited upon the principal debt and the party charging the unlawful interest shall recover judgment for no more than the amount found due upon the principal debt with legal interest after deducting therefrom all usurious payments made by the debtor. R. S. 1899, sec. 3709. Appellant admits the decisions of the appellate courts of this State in similar cases have always treated the borrower as entitled to credit on his debt for the entire premium when the loan was tainted with usury on account of no bids being taken to fix the amount of the premium charged; but contends this ruling is erroneous and unwarranted by the statute.

Any interest charged, either directly or under the guise of a premium, becomes illegal only by virtue of the statute,

and as the statute denounces a rate as illegal only when and in so far as it exceeds eight per cent per annum, and directs the principal to be reduced only by the amount of the unlawful or usurious interest paid, it is not easy to find a support for the rule which deducts the whole amount of the premium from the debt in these cases on the statute, and if its provisions are alone relied on to uphold the rule, the appellant's position seems to be tenable.

A circumstance which may have influenced the courts in disposing of the cases in that manner is that a precise sum is stipulated in the contract as the interest to be charged for the loan and therefore an additional charge under the form of premium, which fails to stand as such, because it was not fixed by bidding, as premiums must be, and is consequently treated as mere interest, is paid by the borrower without his receiving any consideration for it as either premium or interest. Perhaps because these payments are excluded by the law from the category of premiums in the absence of bidding and excluded from the category of interest by the stipulation of the parties concerning what the interest shall be, they are regarded as payments made on the principal. This argument is not altogether satisfactory; for the cases expressly declare the premium illegal because it and the rate stipulated amount to a usurious rate and assign no other ground. Besides, the payment called premiums (whether they are rightly so called or not) constitute part of the agreed consideration for the loan; and *sui juris* parties have the right to agree on any consideration they choose (for a contract of any kind) that is not against public policy or a statute. No public policy or law is violated in these loan contracts, except the usury statutes, and it is hard to say why a heavier penalty should be inflicted for the violation than those statutes prescribe—hard to see why the consideration contracted to be paid to the loan company should be reduced more than the plain words of the statutes require. But the rule is well established and has been an-

nounced and followed in cases where it can not be regarded as *obiter*, for its application affected the judgment and the substantial rights of the litigants. This was true in Fowles v. Aetna Loan Company, 86 Mo. App. 105, in which it was said:

"As has been repeatedly decided, these building and loan associations may collect from the borrowing stockholder in addition to interest, a monthly premium or bonus, *provided*, however, that such premium shall be fixed by a competitive bidding at a directors' meeting held for that purpose. If not so fixed, then it is regarded as interest merely on the loan, and if together with the interest proper, the rate shall exceed the limit allowed by law, then such premium should be treated as usury and the amount so paid go as a credit on the principal note."

It was so treated in that case and the whole amount of the premiums paid in was allowed as a credit in favor of the plaintiff, although the interest actually stipulated in the note was less than eight per cent, and, hence, a part of the premiums might have been regarded as lawful interest.

To the same effect are Brown v. Archer, 62 Mo. App. 290; Price v. B. & L. Ass'n, 75 Id. 551; Sappington v. B. & L. Ass'n, 76 Id. 242; Edinger v. Mo. Guar. Ass'n, and Miller v. Same Company, 83 Id. 615 and 669; Clark v. Same Co., 85 Id. 388; Fry v. Sav. & Bldg., 88 Id. 289. We do not feel at liberty to depart from a rule of law so often announced and followed as the proper one to be observed in the disposition of controversies like the one in hand and shall therefore defer to the above authorities.

Plaintiffs were properly given credit in the decree for the value of the stock. Fry v. Association and Price v. Association, supra.

It is urged that the court below allowed a credit for the value of plaintiff's stock not only to the full amount of the payments thereon paid in, but also added thereto interest on the payments and erred in so doing; because the value should

have been taken to be equal simply to the total sum paid in, in the absence of proof that it had a greater value, of which there was no proof.    There is no means of telling just how the circuit judge computed what part of plaintiff's indebtedness to the defendant remained unpaid; but we think it is clear that he did not compute interest on the payments plaintiffs had made on their shares.    The result reached by the court as to what plaintiffs still owed was substantially correct, as we find, without allowing such interest.

Finding no error in the record, we affirm the judgment. *Bland, P. J.* concurs; *Barclay, J.*, not sitting.